IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>James Robert Colby and Summer Rain Colby<br><br>    Debtors. | Case No. 18-21067 MER<br><br>Chapter 7 |
| Lea Lundquist<br><br>    Plaintiff,<br><br>v.<br><br>James Robert Colby and Summer Rain Colby<br><br>    Defendants. | Adversary No. 19-1092 MER |

**ORDER GRANTING MOTION TO DISMISS REMAINING CLAIMS
AND CERTIFICATION PURSUANT TO FED. R. CIV. P. 54(b)**

    THIS MATTER comes before the Court on Lea Lundquist's ("**Lundquist**") Motion to Dismiss Remaining Claims ("**Motion**") and James and Summer Colbys' (collectively, "**the Colbys**") Objection thereto.[1]

    Lundquist commenced the instant adversary proceeding against the Colbys on March 26, 2019. Lundquist asserted claims for abuse of process, defamation, unfair competition, and civil conspiracy, as well as a claim pursuant to § 523(a)(6).[2]  On December 31, 2024, Lundquist filed a motion for summary judgment ("**Summary Judgment Motion**"), seeking summary judgment on her abuse of process, defamation, and civil conspiracy claims,[3] which the Colbys opposed.[4] On June 6, 2025, the Court entered an order granting the Summary Judgment Motion in part and denying it in part ("**Summary Judgment Order**").[5] The Court granted summary judgment as to

---

[1] ECF Nos. 123 & 129.

[2] ECF No. 1. Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[3] ECF No. 88. Lundquist did not request summary judgment on her unfair competition claim, as the District Court for Mesa County, Colorado, found for the Colbys on that claim.

[4] ECF No. 99.

[5] ECF No. 105.

Lundquist's abuse of process and civil conspiracy to commit abuse of process claims, and denied summary judgment on Lundquist's claims for defamation and civil conspiracy to commit defamation. The Colbys then filed a motion to reconsider, asking the Court to vacate the portion of the Summary Judgment Order granting Lundquist summary judgment on her abuse of process and civil conspiracy to commit abuse of process claims ("**Motion to Reconsider**").[6] The Court denied the Motion to Reconsider on August 12, 2025.[7] After the Court denied the Motion to Reconsider, Lundquist filed the instant Motion seeking to dismiss her remaining claims for defamation, civil conspiracy to commit defamation, and unfair competition. Lundquist also filed a notice of the Motion pursuant to L.B.R. 9013-1. ("**Notice**").[8] The Notice purports that a "motion to dismiss proceeding to deny the [Colbys'] discharge has been filed with this Court."

Shortly after Lundquist filed the instant Motion and Notice, the Colbys filed a Notice of Appeal of the Summary Judgment Order and order denying the Motion to Reconsider, as well as their Objection to the instant Motion.[9] In their Objection, the Colbys contend that, notwithstanding their pending appeal, they do not oppose the withdrawal of Lundquist's remaining claims.[10] However, the Colbys take issue with the Notice, which purports that a pending motion to dismiss this adversary proceeding in its entirety has been filed, when in fact no such motion was ever filed. The Colbys further assert this proceeding should not be dismissed because there are still matters pending before the Court.[11] While the Court understands the Colbys' concerns given the way the Notice was worded, the Motion is clear that, "Lundquist seeks to dismiss her common law unfair competition claim and her defamation and civil conspiracy to commit defamation claims."[12] Nowhere in the Motion does Lundquist ask the Court to dismiss this proceeding in its entirety, and there is no motion currently pending that seeks such relief. Further, the Colbys stated they do not oppose the dismissal of Lundquist's remaining claims. As such, the Court finds dismissal of Lundquist's remaining is appropriate.

Because Lundquist's remaining claims for defamation, civil conspiracy to commit defamation, and unfair competition, have been dismissed, and because the Court granted summary judgment on her claims for abuse of process and civil conspiracy to commit abuse of process, the Court finds all issues with respect to Lundquist's

---

[6] ECF No. 110.

[7] ECF No. 121.

[8] ECF No. 124. The Court notes that notices pursuant to L.B.R. 9013-1 are not required in adversary proceedings.

[9] ECF Nos. 125 & 129.

[10] ECF No. 129, ¶ 6.

[11] In their Objection, the Colbys requested a hearing. ECF No. 129, ¶ 7. However, it appears the Colbys only requested a hearing to the extent the Court considered dismissing this proceeding in its entirety. Since the Court is not dismissing the proceeding, the Court believes no hearing is necessary.

[12] ECF No. 123, ¶ 5.

§ 523(a)(6) claims have been determined. As such, the Summary Judgment Order is final. Therefore,

THE COURT ORDERS the Motion is GRANTED. Lundquist's remaining claims for defamation, civil conspiracy to commit defamation, and unfair competition are DISMISSED.

THE COURT FURTHER ORDERS to the extent Lundquist requested this proceeding be dismissed in its entirety, such request is DENIED.

THE COURT FURTHER ORDERS the Court will enter a judgment pursuant to Fed. R. Civ. P. 54(b) (incorporated by Fed. R. Bankr. P. 7054) declaring the debt the Colbys owe in the amount of $206,652.17, plus applicable post-judgment interest, is excepted from the Colbys' discharge pursuant to 11 U.S.C. § 523(a)(6).

THE COURT FURTHER ORDERS, enforcement of the judgment is stayed for fourteen days pursuant to Fed. R. Bankr. P. 7062.

Dated October 23, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court