**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>James Robert Colby and Summer Rain Colby<br><br>    Debtors. | Case No. 18-21067 MER<br><br>Chapter 7 |
| Lea Lundquist<br><br>    Plaintiff,<br><br>v.<br><br>James Robert Colby and Summer Rain Colby<br><br>    Defendants. | Adversary No. 19-01092 MER |

**<u>ORDER DENYING MOTION FOR LEAVE TO APPEAL AS MOOT</u>**

This matter comes before the Court on the Motion for Leave to Appeal ("**Motion**") filed by debtors/defendants James and Summer Colby ("**Colbys**"), and plaintiff Lea Lundquist's ("**Lundquist**") Response thereto.[1]

Lundquist commenced this adversary proceeding against the Colbys on March 26, 2019. Lundquist asserted claims for abuse of process, defamation, civil conspiracy to commit abuse of process and defamation, unfair competition, and a claim pursuant to § 523(a)(6).[2] Following a trial in the District Court for Mesa County, Colorado, Lundquist obtained a judgment against the Colbys on her claims for abuse of process, defamation, and civil conspiracy to commit abuse of process and defamation ("**State Court Judgment**"). After obtaining the State Court Judgment, Lundquist filed a motion for summary judgment ("**Summary Judgment Motion**"), requesting the Court find the State Court Judgment nondischargeable pursuant to § 523(a)(6).[3] The Colbys opposed the Summary Judgment Motion.[4] On June 6, 2025, the Court entered an order granting

---

[1] ECF Nos. 126 & 130.

[2] ECF No. 1. Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[3] ECF No. 88.

[4] ECF No. 98.

1

the Summary Judgment Motion in part and denying it in part ("**Summary Judgment Order**").[5] The Court granted summary judgment on Lundquist's claims for abuse of process and civil conspiracy to commit abuse of process. It denied summary judgment on her claims for defamation and civil conspiracy to commit defamation.[6] Because Lundquist's claims for defamation, civil conspiracy to commit defamation, and unfair competition remained pending, the Court did not enter a final judgment pursuant to Fed. R. Civ. P. 54(b) (incorporated by Fed. R. Bankr. P. 7054). As such, the Colbys filed the instant Motion seeking leave to appeal the Summary Judgment Order on an interlocutory basis.[7] Lundquist opposes the Motion.

Shortly before the Colbys filed the instant Motion, Lundquist filed a Motion to Dismiss Remaining Claims ("**Motion to Dismiss Claims**").[8] The Court granted the Motion to Dismiss Claims ("**Dismissal Order**") on October 23, 2025.[9] In its Dismissal Order, the Court noted that Lundquist's § 523(a)(6) claim is resolved, and thus the Summary Judgment Order is final. The Court entered a final judgment on October 23, 2025.[10] As such, the Summary Judgment Order is final, and the Colbys no longer must seek this Court's approval to appeal it.[11] Therefore the Court

ORDERS, the Colbys' Motion is DENIED as moot.

Dated October 23, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[5] ECF No. 105.

[6] *Id.* Lundquist did not seek summary judgment on her claim for unfair competition as the court in the Mesa County Case found in favor of the Colbys on that claim.

[7] The Colbys also seek to appeal the Court's August 12, 2025, Order Denying the Colbys' Motion for Relief/Reconsideration of the Summary Judgment Order.

[8] ECF No. 123.

[9] ECF No. 131.

[10] ECF No. 132.

[11] Because the Summary Judgment Order is final, so is the Motion for Relief/Reconsideration of the Summary Judgment Order. *See In re Lynch*, 544 B.R. 444, 449 (10th Cir. B.A.P. 2016) (finding a motion for reconsideration is considered final when the order underlying the motion to reconsider is final.)