**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>James Robert Colby and Summer Rain Colby<br><br>    Debtors. | Case No. 18-21067 MER<br><br>Chapter 7 |
| Lea Lundquist<br><br>    Plaintiff,<br><br>v.<br><br>James Robert Colby and Summer Rain Colby<br><br>    Defendants. | Adversary No. 19-01092 MER |

### ORDER REGARDING MOTION TO RELEASE/REVISE ORDER

This matter comes before the Court on the Motion to Release/Revise Order Entered December 14, 2022 ("**Motion**") filed by James and Summer Colby (collectively, "**Colbys**"), Plaintiff Lea Lundquist's ("**Lundquist**") Response thereto, and the Colbys' Reply.[1]

### BACKGROUND

The Colbys commenced the underlying bankruptcy case on December 26, 2018.[2] The Colbys received a discharge on August 2, 2019.[3] Sometime in 2020, Summer Colby's ("**Ms. Colby**") mother, Vicki Milholland ("**Milholland**"), was diagnosed with mesothelioma. Shortly after she was diagnosed, Milholland pursued a claim against certain asbestos manufacturers. Unfortunately, Milholland passed away before her claim could be resolved. As a result, Ms. Colby's half-sister, Christy Johnson ("**Ms. Johnson**"), as the administrator of Milholland's estate, commenced a wrongful death

---

[1] ECF Nos. 89, 97, & 99.

[2] Bankr. Case No. 18-21067-MER.

[3] *Id.* at ECF No. 59.

1

action against asbestos manufacturers in Illinois state court ("**Illinois Action**").[4] Several of the manufacturers admitted to liability, and funds were deposited with a law firm in Illinois to be disbursed to Ms. Johnson and Ms. Colby ("**Proceeds**"). However, Ms. Johnson sought to prevent Ms. Colby from receiving any of the Proceeds because Ms. Colby and Milholland were estranged. Ms. Colby and Ms. Johnson attended mediation regarding the Proceeds in December 2022. The mediation resulted in a settlement agreement under which Ms. Colby would receive a specified amount of the Proceeds. After Lundquist learned Ms. Colby was to receive a portion of the Proceeds, she filed a Motion for Relief from Automatic Stay and Request for Expedited Consideration ("**Relief Motion**") asserting, among other things, that she was concerned the Colbys would immediately dispose of any Proceeds received to prevent Lundquist from using them to satisfy the judgment she obtained against the Colbys in the District Court for Mesa County, Colorado ("**Mesa County Court**").[5] As such, Lundquist requested that the Proceeds be held in escrow with the attorneys in the Illinois Action until the instant adversary proceeding is resolved. In the alternative, Lundquist requested the Proceeds be remitted to this Court, or to the Mesa County Court.

The Court held a hearing on the Relief Motion on December 14, 2022. During the hearing, both parties expressed concerns that the Proceeds would be improperly disposed of. Given these concerns, the Court ordered the Proceeds to be held in the Colbys' counsel's trust account until the instant proceeding is resolved. The Court further advised the parties that any further issues regarding the Proceeds would need to be addressed in state court, and that while Lundquist could take action in the Mesa County Court to preserve her rights to the Proceeds, she could not collect the Proceeds until this proceeding is resolved because doing so would violate the Colbys' discharge injunction.[6] Following the hearing, the Court entered an order requiring the Colbys to deposit the Proceeds into the trust account of their attorney, and that such funds were to be held until resolution of Lundquist's § 523(a)(6) claim ("**Proceeds Order**").[7] Neither party objected to holding the Proceeds in escrow until this proceeding concluded.

More than two years after the Court entered the Proceeds Order, the Colbys filed the instant Motion, seeking to vacate the Proceeds Order and to have the Court determine that the Proceeds are exempt from execution. Shortly before the Colbys filed the instant Motion, Lundquist filed her Motion for Summary Judgment ("**Summary Judgment Motion**").[8] On June 6, 2025, the Court entered its order granting the

---

[4] Case No. 2022LA151.

[5] ECF No. 60. At this point in the proceeding, Lundquist had obtained a judgment against the Colbys in the Mesa County Court, Case No. 2012CV4105. However, the Court had yet to determine whether the state court judgment was nondischargeable.

[6] ECF No. 85 at 8: 16-24; 9:3-5; 10:19-25; 15:1-8.

[7] ECF No. 62.

[8] ECF No. 88.

Summary Judgment Motion in part and denying it in part ("**Summary Judgment Order**").[9]  Because the Court denied summary judgment as to several of Lundquist's claims, the proceeding was not resolved with the Court's Summary Judgment Order. However, on August 15, 2025, Lundquist filed a motion to dismiss her remaining claims.[10]  The Court granted Lundquist's motion to dismiss her remaining claims on October 23, 2025.[11]  Because the claims that the Court's Summary Judgment Order didn't resolve have been dismissed, the Summary Judgment Order is final, and the Court entered a final judgment ("**Judgment**") on October 23, 2025.[12]  As such, this proceeding is fully resolved.  Because the Proceeds Order only required the Proceeds to be held until the resolution of this proceeding, and because the Court already informed the parties that any further issues regarding the Proceeds, including whether they are exempt, would need to be addressed by the Mesa County Court, the Court finds the instant Motion is moot.  Therefore,

       THE COURT ORDERS the Motion is DENIED as moot.

       THE COURT FURTHER ORDERS any enforcement of Lundquist's Judgment is stayed for fourteen days pursuant to Fed. R. Bankr. P. 7062.

Dated October 23, 2025       BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

---

[9] ECF No. 105.

[10] ECF No. 123.

[11] ECF No. 131.

[12] ECF No. 132.